UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Rudolph Betancourt, Individually, :
:
        Plaintiff, : Case No. 2:17-cv-10526
v. :
:
W2005 New Century Hotel Portfolio, Limited :
Partnership, a Delaware Limited Partnership, :
:
:
        Defendant. :
_____/ :
:

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, RUDOLPH BETANCOURT, Individually, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sues the Defendant, W2005 New Century Hotel Portfolio, Limited Partnership, a Michigan limited partnership for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1. Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm, formerly of Flint Township Michigan and continuing to own real estate therein, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

2. Defendant, W2005 NEW CENTURY HOTEL PORTFOLIO, LIMITED PARTNERSHIP, owns property commonly known as the Courtyard by Marriott Flint and is located at 5205 Gateway Center, Flint, MI 48507 in Genesee County.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property and business is located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff is a United States Marine Corps veteran and leg amputee and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On August 12th, 2016 and other previous occasions, Plaintiff was an overnight guest on the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

7. Plaintiff lives in Fenwick, Michigan, but until recently lived in Flint Township, Michigan where he continues to own rental real estate and his property is in close proximity to the property subject of this Complaint. **Rudolph Betancourt** frequents many establishments in the Genesee County region and has been an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's visits to Defendant's hotel he encountered architectural barriers at the subject property's common areas and in the restaurants located therein that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.

      Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a hotel guest and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a hotel known as the Courtyard by Marriott Flint located at 5205 Gateway Center, Flint, MI 48507 in Genesee County.

10. RUDOLPH BETANCOURT has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. RUDOLPH BETANCOURT desires to visit the hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance

with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the hotel has shown that violations exist. These violations include, but are not limited to:

Parking Area

A. There are designated accessible parking spaces and access aisles with faded paint that have not been properly maintained, in violation of the ADA whose remedy is readily achievable.

B. There are designated accessible parking spaces and access aisles that have broken asphalt, pot holes and vertical changes in level creating an uneven surface in violation of Section 502.4 of the 2010 Standards, in violation of the ADA, whose remedy is readily achievable.

C. There are designated parking spaces with access aisles that do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

D. There are built up curb ramps that project into the access aisle at the designated accessible parking space, in violation of the ADA whose remedy is readily achievable.

E. There are designated accessible parking spaces and access aisles that have running slopes and cross slopes exceeding the maximum allowance of 1:48, in violation of the ADA whose remedy is readily achievable.

F. The passenger loading zone does not provide a marked access aisle adjacent to the vehicle pull up space, in violation of the ADA whose remedy is readily achievable.

Accessible Routes

G. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities, in violation of the ADA whose remedy is readily achievable.

H. There is not a compliant accessible route from some of the site arrival points to the facility entrances they serve, in violation of the ADA whose remedy is readily achievable.

I. There is not a continuous accessible route connecting all accessible buildings, accessible elements, and accessible spaces that are on the same site, in violation of the ADA whose remedy is readily achievable.

J. There are curb ramps at the facility with running slopes exceeding the maximum allowance of 1:12, in violation of the ADA whose remedy is readily achievable.

K. There are curb ramps at the facility that do not have edge protection or side-flares, in violation of the ADA whose remedy is readily achievable.

L. There are curb ramps at this facility that have an uneven surface, as well as, vertical changes in level at the terminus of the ramp, in violation of the ADA whose remedy is readily achievable.

M. There are curb ramps with side flare slopes steeper than the maximum allowance of 1:10, in violation of the ADA whose remedy is readily achievable.

N. There are built up curb ramps that project into access aisles of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

O. There are ramps that do not provide compliant handrails and handrail extensions on both sides of the ramp, in violation of the ADA whose remedy is readily achievable.

P. There are changes in level and surface slopes at the entrance doors, which does not provide the required maneuvering clearance for a level landing, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

Q. There are entrance access card readers that do not have the required clear floor maneuvering space as required, in violation of the ADA whose remedy is readily achievable.

R. There are public benches that do not have compliant clear floor or ground space positioned at the end of the bench as required, in violation of the ADA whose remedy is readily achievable.

S. The height of the computer work station exceeds the 34" maximum height allowance, in violation of the ADA whose remedy is readily achievable.

T. The facility does not provide at least 5% of the seating spaces at the dining surfaces with compliant knee and toe clearance as required, in violation of the ADA whose remedy is readily achievable.

U. The bar counter exceeds the 34" maximum height allowance, without an alternate counter space or tables for a wheelchair user, in violation of the ADA whose remedy is readily achievable.

V. The height of the work surface in the laundry room exceeds the maximum height allowance, in violation of the ADA whose remedy is readily achievable.

W. The laundry room does not provide compliant clear floor maneuvering space to access and operate the coin operated laundry machines, in violation of the ADA whose remedy is readily achievable.

Public Restrooms

X. The Men's restroom toilet compartment door is not self-closing and does not provide door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

Y. The toilet compartment door swings into the minimum required compartment area, in violation of the ADA whose remedy is readily achievable.

Z. The coat hook on the toilet compartment door is mounted above the maximum reach range allowance, in violation of the ADA whose remedy is readily achievable.

AA. The coat hook on the Men's restroom door is mounted above the maximum reach range allowance, in violation of the ADA whose remedy is readily achievable.

BB. The seat height of the water closet in the Men's restroom does not meet the minimum height requirement of 17" above the finished floor to the top of the seat, in violation of the ADA whose remedy is readily achievable.

CC. The flush control is not mounted on the open side of water closet, in violation of the ADA whose remedy is readily achievable.

DD. The lavatory apron is less than the required min 27" above the finished floor, which does not provide for compliant knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

EE. The water line and drain pipe under the lavatory are not insulated or otherwise configured to protect against contact, in violation of the ADA whose remedy is readily achievable.

FF. The trash receptacle obstructs the maneuvering clearance to exit the restroom, in violation of the ADA whose remedy is readily achievable.

Guest Rooms

GG. There are transient lodging guest rooms at this facility that do not provide mobility features pursuant to Sections 224.1, 806.1 and 806.2 of the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

HH. There is no permanent fixed fold down shower seat in the handicap accessible guestroom fitted with a roll-in shower.

II. The designated accessible guestrooms are not dispersed among the various classes of

guestroom whereas, there are suites with Jacuzzi tubs but none are fitted with accessible features, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

JJ. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The Courtyard by Marriott Flint, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the

     Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The Courtyard by Marriott Flint and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)*
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
valeriefatica@gmail.com
*admitted to practice E. Dist of Michigan