UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Rudolph Betancourt, Individually, <br><br> Plaintiff, <br> v. <br><br> New Century Hotel Portfolio, Limited Partnership, a Delaware Limited Partnership, <br><br> Defendant. | Case No. 4:17-cv-10526-TGB-SDD <br> Hon. Terrence G. Berg |

**CONSENT DECREE AND ORDER**

WHEREAS, Plaintiff, Rudolph Betancourt ("Betancourt") filed this action against New Century Hotel Portfolio Limited Partnership, a Delaware Limited Partnership ("New Century"), in the United States District Court for the Eastern District of Michigan, Case Number 4:17-cv-10526-TGB-SDD.

WHEREAS, Betancourt alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as the Courtyard by Marriott Flint Grand Blanc located at 5205 Gateway Center, Flint, Michigan, 48507 (the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into a Complete and Permanent Settlement and Release Agreement ("the Agreement");

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order and in the Agreement, the parties request the Court to enter consent judgment accordingly.

A. <u>Undertakings by Defendant, New Century:</u>

Without admitting liability, in response to and in settlement of the allegations contained in Betancourt's Complaint and all other allegations brought or which could have been brought against New Century, Defendant agrees to, within two years following the Court's entry of this Consent Decree, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of New Century such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property such that those aspects referenced on the attached Exhibit 1 will be brought into a state of compliance with all applicable accessibility/disability laws as reasonably agreed by the parties:

**See Exhibit 1 attached hereto.**

B.　　Undertakings by Plaintiff Rudolph Betancourt:  Rudolph Betancourt agrees that he is releasing New Century to the full extent as set forth in the Settlement Agreement and Release. Betancourt further agrees that the completion of the above-referenced modifications will fully resolve his claims against New Century and consents to the Court's dismissal of this matter.

C.　　The Parties agree and the Court is advised that the modifications and alterations agreed to be made by Defendant are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

D.　　Upon completion of the above-listed modifications, the Parties agree and the Court is advised that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable as such is in good faith interpreted by the Parties.

E.　　Jurisdiction:  The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and

Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

F.     Judgment: Based upon the foregoing efforts of the Parties, the Court finds that this Decree appears fair and reasonable, intended by the Parties in good faith to be consistent with the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to comply with what work was intended by the Parties to have met the requirements of the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and applicable Michigan Law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

**SO ORDERED**

Dated: May 24, 2018

/s/ Terrence Berg
Honorable Terrence G, Berg
United States District Court Judge

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on May 24, 2018.

                              s/A. Chubb
                              Case Manager

# EXHIBIT 1

| Exterior Accessible Routes | Complaint Reference |
|---|---|
| Curb ramp and walks at Main Entry | C,F,G,I,J,L,M,N,O,P,Q |
| ADA parking spaces and Access Aisles at main entry | A,B,D,E,G,I,J |
| ADA curb ramp and walk at East Entry | C,G,I,J.L,M,N,O,P,Q |
| ADA curb ramp and walk at West Entry | C,G,I,J,L,M,N,O,P,Q |
| ADA parking spaces and Access Aisles at East entry | A,B,D,E,G,I,J,L,M,N |
| ADA parking spaces and Access Aisles at West entry | A,B,D,E,G,I,J,L,M,N |
| General parking lot, catch basins and and striping | G,B,D,E |
|  |  |
| **Interior Accessible Route and Features** |  |
| Accessible table in café |  |
| Signage for assistance with café bar, laundry room and boarding pass station.  Policies will be drafted and implemented for same. |  |
| Men's and women's public restroom toilet compartment doors and partitions, height of coat hooks | X,Y,Z,AA |
| Flush valve and seat height for men's room toilet. | BB,CC |
| Men's and women's room lavatory sink counter/ apron and insulated water and west lines | DD,EE |
| Trash receptacle in men's and women's room; recessed  wall units. | FF |
| Accesible Executive Suite on 2nd or 3rd Floor, accessibility to the balcony | II,HH |
|  |  |
| **Legal Fees - Attorney Dunn** |  |
|  |  |
| **#30480113** |  |